ROTOPHONE, INC., ET AL. *v.* DANBURY HOSPITAL
(5146)

DUPONT, C. J., BIELUCH and NORCOTT, Js.

Argued October 5, 1987—decision released January 12, 1988

*Alan Neigher,* with whom, on the brief, was *Carolyn Comerford,* for the appellants (plaintiffs).

*Ted D. Backer,* for the appellee (defendant).

DUPONT, C. J. The plaintiffs appeal from the trial court's granting of summary judgment in favor of the defendant on the two counts of the plaintiffs' complaint. The plaintiffs Rotophone, Inc., and Delong Answerphone, Inc., operate telephone answering services in the city of Danbury.[1] Prior to 1982, the plaintiffs provided telephone answering services to the defendant Danbury Hospital for its staff physicians. In 1982, Danbury Hospital commenced operation of a telephone answering service for its medical staff.

The plaintiffs allege in the first count of their complaint that the defendant's operation of a telephone answering service violated the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; and, in the second count, that the operation constituted a tortious interference with the plaintiffs' business expectancy. The crux of the plaintiffs' allegation that CUTPA is being violated is that the defendant, a tax-exempt corporation, is conducting an unrelated trade or business as defined in § 513 of the Internal Revenue Code[2] and is, therefore, engag-

---

[1] The plaintiff Connecticut Association of Telephone Answering Services, an unincorporated association composed of private telephone answering services, is involved in the first count only of the complaint. Rotophone, Inc., and Delong Answerphone, Inc., are members of the Connecticut Association of Telephone Answering Services.

[2] Section 513 of the Internal Revenue Code provides in pertinent part:

"(a) The term 'unrelated trade or business' means . . . any trade or business the conduct of which is not substantially related . . . to the exercise or performance by [an] organization of its charitable, educational, or other purpose or function constituting the basis for its exemption . . . except that such term does not include any trade or business—

"(2) which is carried on . . . by the organization primarily for the convenience of its members, students, patients, officers, or employees . . . . "

Sections 511 and 512 of the Internal Revenue Code set forth the extent to which an unrelated trade or business of an otherwise tax-exempt organization is subject to taxation.

ing in unfair competition. The second count of the plaintiffs' complaint contains allegations that the tortious interference is the solicitation by the defendant of the plaintiffs' customers and the offering of financial inducements to them to change answering services.

The parties submitted affidavits and counteraffidavits in support of, and in opposition to, the defendant's motion for summary judgment. The plaintiffs claim that the trial court erred (1) in holding that the plaintiffs' CUTPA claim is subject to the public interest requirement set forth in *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* 190 Conn. 528, 461 A.2d 1369 (1983), (2) in concluding that the defendant's answering service was limited to its own medical staff,[3] and (3) in holding that the plaintiffs did not state a cause of action on their claim of tortious interference with a business expectancy. We find no error.

A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Catz* v. *Rubenstein,* 201 Conn. 39, 48–49, 513 A.2d 98 (1986); *Barnes* v. *Schlein,* 192 Conn. 732, 738, 473 A.2d 1221 (1984). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). In deciding

---

[3] The plaintiffs conceded during oral argument before this court that the service was only available to the defendant's own medical staff. Thus, this claim of error need not be considered.

a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. *United States Fidelity & Guaranty Co. v. Metropolitan Property & Liability Ins. Co.,* 10 Conn. App. 125, 130, 521 A.2d 1048, cert. denied, 203 Conn. 806, 525 A.2d 521 (1987).

The plaintiffs' first claim is that the trial court erred in holding that they were required to demonstrate a nexus with the public interest as a prerequisite to recovery under CUTPA. Alternatively, the plaintiffs argue that such an element was present in this case.

*Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* supra, 537, holds that "suits undertaken pursuant to CUTPA must demonstrate some nexus with the public interest." The public interest requirement of a private action under CUTPA was subsequently eliminated by the legislature.[4] This change, however, was not retroactive in effect. *Fortini* v. *New England Log Homes, Inc.,* 4 Conn. App. 132, 137 n.1, 492 A.2d 545 (1985).[5] Therefore, the trial court did not err in holding that in order to succeed on a CUTPA action commenced prior to June 8, 1984, as this case was, a plaintiff must demonstrate a nexus with the public interest.

Furthermore, the plaintiffs failed to allege in their complaint, or in their counteraffidavit opposing the motion for summary judgment, any nexus between their CUTPA claim and the public interest. The plaintiffs argue in their brief, however, that the public interest is implicated in this case because the defendant's

---

[4] Public Acts 1984, No. 84-468, §§ 2, 4 (effective June 8, 1984); General Statutes §§ 42-110g, 42-110m.

[5] We decline the plaintiffs' invitation to overrule *Fortini* v. *New England Log Homes, Inc.,* 4 Conn. App. 132, 492 A.2d 545 (1985), and to follow *Wilson* v. *Fireman's Ins. Co.,* 40 Conn. Sup. 336, 337–40, 499 A.2d 81 (1985) (holding that Public Acts 1984, No. 84-468 is retroactive in effect).

telephone answering service is not limited to its own medical staff, but is available to the medical community at large. The plaintiffs failed, however, to provide any support for this contention, while the defendant clearly demonstrated the limited nature of its telephone answering service in its affidavit in support of the motion for summary judgment. Indeed, the plaintiffs' counteraffidavit confirms that the defendant's answering service is only available to its own medical staff.[6] Thus, there is no issue of material fact as to whether the defendant's telephone answering service is limited solely to its own medical staff. There is, therefore, no merit to the plaintiffs' claim that if a public interest were required, such an element was present. See *Ivey, Barnum & O'Mara* v. *Indian Harbor Properties, Inc.,* supra, 540. In the absence of a genuine issue of material fact as to the existence of some nexus between the plaintiffs' CUTPA claim and the public interest, the trial court correctly granted summary judgment for the defendant.

The plaintiffs finally claim error in the trial court's granting of summary judgment to the defendant on the plaintiff's claim of tortious interference with a business expectancy. In order to succeed on such a claim, a plaintiff must do more than show that the defendant's actions proximately caused a loss to the plaintiffs' businesses. A cause of action for tortious interference with a business expectancy requires proof that the defendant was guilty of fraud, misrepresentation, intimidation, molestation, or that the defendant acted maliciously. *Sportsmen's Boating Corporation* v. *Hensley,*

---

[6] Paragraph 9 of the plaintiffs' counteraffidavit, marked as exhibit A, sets forth:

"In 1982, Danbury Hospital began operating a telephone answering service for its employee physicians and for private physicians *who were members of its staff,* but were neither employed by or had offices at the hospital." (Emphasis added.)

192 Conn. 747, 754, 474 A.2d 780 (1984). A plaintiff is required to plead and eventually to prove at least some improper motive or improper means by the defendant. *Blake* v. *Levy,* 191 Conn. 257, 262, 464 A.2d 52 (1983). We agree with the trial court's conclusion that the plaintiffs failed to demonstrate in their affidavits or evidence that there was a genuine issue of material fact to be decided or that, as a matter of law, the defendant had used any improper means or motive in its operation of a telephone answering service. Conversely, the defendant had demonstrated that there was no issue of any material fact in dispute and that it was entitled to judgment as a matter of law.

The plaintiffs argue that the defendant's alleged operation of an unrelated trade or business, purportedly constituting an unfair method of competition, meets the improper means requirement set forth in *Blake* v. *Levy,* supra. The plaintiffs' argument is flawed, however, in that they failed to establish that the defendant's conduct is in fact an unrelated trade or business as defined in § 513 of the Internal Revenue Code.[7] Section 513 (a) (2) clearly exempts from its aegis any trade or business "which is carried on by the [tax-exempt] organization primarily for the convenience of its members, students, patients, officers or employees . . . ." The defendant's telephone answering service fits squarely into the exemption set forth in § 513 (a) (2). The defendant may operate a telephone answering service for the convenience of its medical staff. The plaintiffs' argument of improper means is entirely premised on their unsupported contention, discussed *supra,* that

---

[7] Even if it were assumed that the defendant's conduct constituted an unrelated trade or business by a tax-exempt organization as defined in the Internal Revenue Code, it would not necessarily follow that the defendant was engaged in an unfair method of competition. Rather, as the trial court correctly pointed out, such a determination would simply mean that the defendant would be required under the federal tax code to pay taxes on its unrelated business.

the defendant's telephone answering service is available to all physicians, not just members of the defendant's staff. " 'While our cases have not focused with particularity on what acts of interference are tortious . . . it [is] clear that not every act that disturbs a contract or business expectancy is actionable.' " *Kakadelis* v. *DeFabritis,* 191 Conn. 276, 279, 464 A.2d 57 (1983). Such is the case here, and the trial court properly granted summary judgment.

There is no error.

In this opinion the other judges concurred.