PATRICIA MARUCA ET AL. *v.* JOHN STANDARD
(7122)

SPALLONE, DALY and JACOBSON, Js.

Argued April 7—decision released June 15, 1989

*Richard D. Casella,* for the appellants (plaintiffs).

*Hilary Fisher Nelson,* for the appellee (defendant).

JACOBSON, J. This is an appeal from the granting of the defendant's motion for summary judgment. The plaintiffs claim that the court erred in granting the motion because it decided a material issue of fact. We agree.

In her complaint, the plaintiff[1] alleged that in August, 1972, the defendant surgeon, John Standard, performed surgery to remove a benign tumor from her left parotid gland. She alleged that during the operation the defendant inadvertently ruptured the tumor and failed to inform her of the rupture. She alleged that, as a result of the rupture, the tumor "seeded," causing other tumors. The plaintiff has undergone three additional surgical procedures to remove the tumors and alleges a number of injuries resulting from the defendant's malpractice. In the second count of the complaint, the plaintiff alleged that the defendant was

---

[1] The complaint claimed money damages for the plaintiff Patricia Maruca in two counts. The third count of the complaint claimed money damages for loss of consortium suffered by her husband, Robert Maruca. In this opinion "the plaintiff" refers to Patricia Maruca.

liable in assault and battery because he failed to inform her of the risks associated with the procedure before he operated. The defendant moved for summary judgment on the ground that the plaintiff's cause of action was barred by the statute of limitations under General Statutes § 52-584.[2]

In reviewing the propriety of a summary judgment, this court examines whether "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; *Craftsmen, Inc.* v. *Young,* 18 Conn. App. 463, 464–65, 557 A.2d 1292 (1989). In this case, the defendant specially pleaded that the plaintiff's action was barred by the statute of limitations. The plaintiff responded that the defendant had fraudulently concealed the existence of a cause of action, and argued that such fraudulent concealment tolled the statute of limitations in General Statutes § 52-584, citing General Statutes § 52-595.[3]

During the hearing on the motion for summary judgment, the plaintiff argued that after the 1972 operation the defendant had assured her that the tumor had been removed entirely and that she would be fine. At

---

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[3] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

about the same time, the defendant prepared a discharge summary, of which the plaintiff was unaware, indicating that the tumor had been inadvertently ruptured.

The trial court granted the defendant's motion for summary judgment, indicating in its memorandum of decision that the statute of limitations had run even for the purposes of General Statutes § 52-595. The plaintiff argues on appeal that the trial court impermissibly decided a question of material fact when it granted summary judgment: namely, whether the defendant had fraudulently concealed, until 1985, the existence of a cause of action.

"A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Catz* v. *Rubenstein,* 201 Conn. 39, 48–49, 513 A.2d 98 (1986); *Barnes* v. *Schlein,* 192 Conn. 732, 738, 473 A.2d 1221 (1984). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Rotophone, Inc.* v. *Danbury Hospital,* 13 Conn. App. 230, 232–33, 535 A.2d 830 (1988).

Because the evidence in the pleadings and affidavits submitted by the parties leaves open for resolution by a factfinder the question of whether the defendant

"fraudulently conceal[ed] . . . the existence of [a] cause of . . . action," as provided in General Statutes § 52-595, a genuine issue of material fact remained unresolved and the trial court erred in granting summary judgment.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.