[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for legal malpractice in which the defendant attorneys have interposed special defenses of the statute of limitations. The defendant V. S. Tirola has now renewed his motion for summary judgment (#266). There is no question that the legal services rendered by the defendants in connection with the divorce action between the plaintiff and her former husband were performed in 1972 and 1973, nor is there any question that this action did not begin until 1984, well beyond the three-year statute of limitations for tort actions contained in General Statutes 52-577. However, the plaintiff has replied to the special defenses of statute of limitations filed by defendants Tirola and Jeroll Silverberg by alleging that the defendants fraudulently concealed her cause of action against them. General Statutes 52-595.
In October of 1989 a similar summary judgment motion was denied on the basis that the issue of the propriety of the statute of limitations defense should be left to the trier of fact, having in mind that negligence cases in general do not lend themselves to summary disposition. Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,198, 319 A.2d 403 (1972). Furthermore, fraudulent concealment of a cause of action involves the issue of whether there was an intent to deceive on the part of the defendant, which issue should not be disposed of in a summary fashion. Town Bank and Trust Co. v. Benson,176 Conn. 304, 309, 407 A.2d 971 (1978).
The defendant Tirola has, however, renewed his motion for summary judgment on the basis of a recent decision by our Supreme Court in Connell v. Colwell, 214 Conn. 242,571 A.2d 116 (1990), concerning fraudulent concealment of causes of action. I agree with the defendant that this case increases the burden on a plaintiff alleging such a fraudulent concealment by virtue of its emphasis on the nonmoving party's obligation to present evidence "from which it could be inferred that the defendant misrepresented those facts with the intent necessary to constitute fraudulent concealment." Id., 251. However, I agree with the plaintiff that the Connell case does not warrant a reversal of the earlier decision denying summary judgment.
In this case the plaintiff and her former husband entered into a stipulation before the Superior Court in 1972 concerning the transfer to the plaintiff as trustee of three trust funds for the benefit of children of the parties, of which the former husband had been the trustee. The documentary evidence indicates that this was not accomplished although the defendant Tirola wrote the CT Page 246 plaintiff on September 6, 1973 that he had "taken care" of transferring these trust funds. The plaintiff claims that this letter lulled her in effect into a false sense of security and that it was not until 1982 that she first discovered that two of the three trust funds in question had been paid over to her former husband and that one fund had been paid over to her former husband and that one fund had lapsed. The defendant argues that the plaintiff knew all this information long before 1982, or could have ascertained these facts by the "exercise of reasonable diligence" (Connell v. Colwell, Id., 252, n. 8), and therefore that there could not be a fraudulent concealment of a cause of action.
Our task in deciding a motion for summary judgment, Practice Book 384, is only to determine whether there are genuine issues as to any material facts, defined as facts that make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Company, 214 Conn. 573, 578-79573 A.2d 699 (1990). Whether the defendant intended to deceive the plaintiff and whether plaintiff was in fact deceived as to the existence of a cause of action present in my mind genuine issues of material fact. This is particularly so because of the requirement that "the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, supra, 247. See also Maruca v. Standard, 19 Conn. App. 16, 19-20,559 A.2d 1167 (1989).
Thus the plaintiff has furnished the "factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists" (Connell v. Colwell, supra, 251) which in this case consists of the defendant's letter to her stating that he had "taken care" of the transfer of the trust funds.
So Ordered.
Dated at Stamford, Connecticut this 23rd day of July 1990.
WILLIAM B. LEWIS, JUDGE.