[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY
I.
Plaintiff, United States Surgical Corporation (U.S. Surgical), moves for partial summary judgment on the issue of liability only, alleging that "there is no dispute over the material facts that establish defendants' liability under the insurance contract that is at issue in this action."
Summary judgment is allowed if the moving party shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; Plouffe v. New York, N.H., H.R. Co., 160 Conn. 482, 487-88. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone. Practice Book 385. In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the non-moving party. Maruca v. Standard, 19 Conn. App. 16, 19 (citation omitted).
II. CT Page 2873
Plaintiff is a manufacturer, inter alia, of disposable surgical staplers. In December, 1987 plaintiff entered into an insurance contract (#CF-87434) with defendant United States Fire Insurance Company, through the latter's underwriters, Crum Foster Insurance. Defendant Johnson and Higgins acted as agent for plaintiff in negotiating said contract. The contract insured plaintiff's goods in transit
 "against all risks of physical loss or damage from any external cause (excepting risks excluded by the F. C. S. and Strikes, Riots and Civil Commotions Warranties unless covered elsewhere herein), irrespective of percentage." (Contract Clause 12(d).
On November 16, 1989, a shipment which included some 8500 disposable surgical staplers left plaintiff's warehouse in North Haven, enroute to France. On arrival at its destination, signs of water damage were discovered on some of the cartons containing the staplers. Such staplers must be sterile. Contact with water can render a stapler unsterile and hence unusable. Testing an individual stapler for sterility renders that stapler unusable. Because the shipment bore evidence of exposure to water, presumably rainwater, plaintiff declared the shipment a total loss and sought indemnification from defendants. Defendants disagreed with plaintiff's position, hence this action.
 III.
By this motion plaintiff asks the court to construe the policy clause 12(d), specifically the phrase "against all risks of physical loss or damage from any external cause."
Plaintiff contends that this language should be read to include loss of value of goods where such loss is occasioned by an event insured against. As applied to the facts of this case plaintiff argues that coverage under the policy includes not only staplers rendered unsterile but staplers which have lost their value by virtue of having been exposed to water. Defendants argue that only those staplers shown to be physically damaged (rendered unsterile) are covered.
"If the words of an insurance policy are plain and unambiguous, the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning and courts cannot indulge in a forced construction, ignoring provisions or so distorting them as to accord a meaning other than that intended by the parties." Schultz v. Hartford Fire Insurance Co., 213 Conn. 696, 702-703, CT Page 2874 quoting Plainville v. Travelers Indemnity Co., 178 Conn. 664, 675. A contract is to be construed according to what may be assumed to have been the understanding and intention of the parties. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. Bria v. St. Joseph's Hospital, 153 Conn. 626, 630-631 (citations omitted). Where the terms of the policy are of doubtful meaning the construction most favorable to the insured will be adopted. Schultz v. Hartford Fire Insurance Co., supra at 702. This remains true even when, as defendants assert, the policy at issue was drafted by plaintiff's broker, defendant Johnson and Higgins. When the words of an insurance contract are, without violence, susceptible of two interpretations, that which will sustain the claim and cover the loss must, in preference, be adopted. DeWitt v. John Hancock Mutual Life Ins. Co., 5 Conn. App. 590, 594
(citations omitted).
The court finds the contract language at issue, clause 12(d), ambiguous. In determining the intent of the parties the court may, and should take into consideration usage of the trade and established judicial construction. The treatises and case law support plaintiff's interpretation.
 "In order to recover upon a marine policy as for an actual total loss, the insured may establish the physical extinction of the property insured or the extinction of its value arising from the perils insured against. Total loss of value to the owner is equivalent to total physical loss." Couch 2d (Rev. ed)., 55-22.
"Recovery will be allowed under a policy affording `all risks' coverage for all losses of a fortuitous nature not resulting from misconduct or fraud, unless the policy contains a specific provision excluding loss from coverage. The term `all risk' is not to be given a restrictive meaning." Avis v. Hartford Fire Insurance Company, 195 S.E.2d 545, 547. And see Boyd Motors, Inc. v. Employers Ins. of Wassau, 880 F.2d 270, 272 ("all risks of direct physical loss or damage" covers the residual diminution in value of repaired vehicles); and See Marshall Produce Co. v. St. Paul Fire Marine Insurance Co.,98 N.W.2d 280 (Minn. 1959).
The court interprets the contract language at issue in this matter and finds that the phrase "against all risks of physical loss or damage from any external cause" encompasses coverage under the said policy for loss of value of an insured item caused by an event insured against. Of course, the burden remains on the plaintiff to establish such loss of value by the requisite standard of proof. CT Page 2875
Accordingly, plaintiff has established liability under the contract unless defendants can show that the loss claimed falls under an exclusion or that a question of fact exists with regard to plaintiff's compliance with the terms and conditions of the contract.
But "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc.,477 U.S. 242, at 256. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, supra; Green Const. Co. v. Kansas Power Light Co., 717 F. Sup. 738
(D. Kan. 1989).
The defendants allege a material issue of fact exists with regard to the packaging of the goods at issue. Defendants assert that there is an "implied warranty of seaworthiness" in the policy at issue, under which plaintiffs have an obligation to ensure that their goods are "sufficiently packaged to withstand the normal rigors of overseas transit including normal adverse weather conditions, e.g. rain." No authority was given to support the existence of such a warranty. Moreover, the facts cited by defendants strongly suggest the packaging at issue was most "seaworthy" as defined by defendants. It appears that defendants' claim of "implied warranty of seaworthiness" is set up to demonstrate what defendants see as the illogic of plaintiff's position as to damages. Its unsupported assertion does not act to bar summary judgment as to liability.
Lastly, defendants claim any recovery would be barred by the "F. C. S." clause, clause 25(a) of the policy.
Clause 25(a) reads:
 "Notwithstanding anything herein contained to the contrary this insurance is warranted free from:
 (a) capture, seizure, arrest, restraint, detainment, confiscation, preemption, requisition or nationalization, and the consequences thereof or any attempt thereat, whether in time of peace or war and whether lawful or otherwise;"
"The general purpose of this clause is to exclude from coverage losses arising from unforeseeable actions of sovereign states CT Page 2876 against an insured cargo." Blaine Richard Co. v. Marine Indemnity Ins. Co, 635 F.2d 1051, 1053.
The parties agree that to date there has been no seizure or detention of the goods at issue. Rather, we have a belief asserted by plaintiff that it would be subject to civil or perhaps criminal sanctions if it sold or distributed the subject staplers. Whether such a belief is a basis for recovery under the subject policy is a question for the trier of fact. Clause 25(a) is not triggered by such a belief but rather by a taking with the intent to deprive. Couch on Insurance 2d (Rev. ed) 43:31. As a matter of law the "F. C. S." clause, clause 25(a), does not operate to exclude coverage of the loss claimed under the subject policy.
The plaintiff having established that there is no genuine issue of material fact with regard to liability, its motion for summary judgment on the issue of liability is granted.
Judgment, accordingly, may enter for the plaintiff and against defendants on the issue of liability alone.
JOHN T. DOWNEY, JUDGE