[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
This is an action based solely on a claim of unfair and deceptive trade practice in violation of General Statutes 42a-110b, et seq.
The plaintiffs claim that in September, 1983, they engaged the defendant to examine the heating system of a dwelling they intended to purchase and to ascertain if the system was in good working order. They further claim that the defendant agreed to CT Page 4544 conduct the examination and supply a report only on the condition that the plaintiffs pay eighty-five dollars cash in advance and further that the plaintiffs agree to purchase the fuel oil for the dwelling from it. When plaintiffs asked for a receipt, they claim they were told the written report would be their receipt. The plaintiffs claim that on or about September 23, 1983, they received an oral representation from the defendant that the system was in good working order and that a written report would be forthcoming. In reliance on that representation, plaintiffs claim they purchased the residence.
Plaintiffs purchased fuel oil for the residence from the defendant through January 23, 1984, when the heating system was discovered to be totally defective.
Plaintiffs claim that the defendant has offered to sell them a new heating system at the plaintiffs' expense, but has refused to supply the written evaluation. In fact, they state the defendant has denied that any system evaluation was requested or performed or that any money was ever paid for such an evaluation.
Plaintiffs claim that these acts of the defendant were unfair and deceptive trade practice because: the defendant knew the plaintiffs would rely on its representation about the heating system; the defendant, to induce the plaintiffs to retain its services and to purchase oil from it, represented it would supply an evaluation for eighty-five dollars; and, to insure against possible future liability for a negligent report it agreed to accept only cash, it promised a written report which would be receipt for the cash, but it never provided the report or any other documentary proof of such evaluation.
The plaintiffs commenced this action by a writ dated October 29, 1986 and returnable to the court on November 25, 1986. The writ was served on the defendant on October 30, 1986.
In support of its motion for summary judgment, the defendant has offered an affidavit of its vice-president and sales manager that, on September 23, 1983, a company serviceman was dispatch to the residence for the purpose of measuring the fuel oil tank to determine if the tank qualified for a service contract.
The defendant has also supplied certified copies of the record of a small claims action, Docket No. SC2-191864, in which this defendant sued these plaintiffs for unpaid oil deliveries through January 23, 1984. The plaintiffs as defendants in that action raised the same factual issues as they raise here in a defense and counterclaim to that suit. A CT Page 4545 default was entered against these plaintiffs as defendants in that action and a judgment in favor of the present defendant was entered on October 15, 1984.
The plaintiffs filed a brief in opposition to the motion for summary judgment but presented no counter-affidavit or other evidentiary documents.
The defendant has based its motion on three grounds:
1. The action is barred by the three year statute of limitations;
2. The plaintiffs failed to allege or offer evidence to establish a nexus between the plaintiffs' private action and the public interest as required for a CUTPA claim for violations before June 8, 1984; and,
3. The small claims judgment is res judicata for the parties and claims in this action.
1.
Judge Berdon earlier had denied the defendant's motion to strike which was based on the claim that the plaintiffs had failed to allege a public interest nexus in their private CUTPA claim. Judge Berdon concluded that no matter when the act occurred, the plaintiffs need not prove a public nexus in their CUTPA action. Public Act 84-468, effective June 8, 1984, amended General Statutes 42a-110g (authorizing private CUTPA actions) by adding: "Proof of public interest or public injury shall not be required in any action brought under this section." Before this amendment, our Supreme court held that a plaintiff in any private CUTPA action had to prove "some nexus with the public interest." Ivey, Barnum O'Meara v. indian Harbor Properties, Inc., 190 Conn. 528, 537, 461 A.2d 1369 (1983). Judge Berdon reasoned that the legislature's rejection of Ivey, Barnum was intended to clarify the statute rather than to effect a substantive change. It would therefore be deemed to apply retroactively.
However, the basis of his reasoning has been rejected by the Appellate Court in other cases. In Lembo v. Schlesinger,15 Conn. App. 150, 155, 535 A.2d 377 (1988), the Appellate Court stated:
 The trial court, citing Wilson v. Firemen's Fund Ins. Co., 40 Conn. Sup. 336, 337-40, 499 A.2d 81 (1985), held that the amendment eliminating the public interest requirement could be retroactively applied. CT Page 4546 We disagree and we reaffirm recent decisions of this court which have held otherwise. See Rotophone, Inc. v. Danbury Hospital, 13 Conn. App. 230, 233, 535 A.2d 830 (1988); Fortini v. New England Log Homes, Inc., 4 Conn. App. 132, 137 n. 1, 492 A.2d 545, cert. dismissed, 197 Conn. 801, 495 A.2d 280 (1985). The trial court erred in awarding the plaintiff recovery under CUTPA where she failed to "demonstrate some nexus with the public interest." Ivey, Barnum 
O'Meara v. indian Harbor Properties, Inc., supra, 537.
Since there is no claim that any act by the defendant alleged to be in violation of CUTPA occurred after January 24, 1984 and therefore before the effective date of the amendment; since the plaintiffs have not alleged any public nexus to what is a private breach or negligent act; and since the plaintiffs have offered no affidavit or evidence in which they could demonstrate a possible public nexus, the defendant is entitled to summary judgment.
2.
Because the defendant is entitled to summary judgment on the basis of no public nexus alleged or evidenced, it is not necessary to consider the other claims.
However, because the plaintiffs claim as part of the alleged violation of CUTPA the plan to require the plaintiffs to purchase oil from the defendant and because there is no dispute that oil was supplied by the defendant to the plaintiffs through January 23, 1984, the plaintiffs have raised an evidentiary issue as to whether there was a continuous course of conduct extending into 1984. This would bring acts of the defendant within three years of the date of service of the writ. Giglio v. Connecticut Light and Power Co., 180 Conn. 230, 429 A.2d 486
(1980). The motion would not be granted on this basis.
The issue of res judicata concerning the issues raised and resolved between these parties in the small claims action presents an interesting claim. This court would have been inclined to grant the motion on this ground if it were necessary to reach the issue under the teaching of such cases as Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,511 A.2d 333 (1986). The plaintiffs are seeking to relitigate a single claim under a new theory in order to obtain a new remedy, and this they may not do. Id, at 365-66.
Summary judgment may enter in favor of the defendant and against the plaintiffs. CT Page 4547
NIGRO, J.