[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 4, 1990, the court (Murray, J.) ordered a default against the defendants, Peter Jordan and Linda Drew, in the present action for their failure to plead. On March 3, 1991, the court (Langenbach, J.) granted the motion for judgment after default filed by the plaintiff, Robert Keating.
On August 5, 1991, the defendants filed a motion to set aside and reopen judgment upon default. The defendants have also filed a memorandum of law and affidavit in support of the motion. The defendants argue that due to illness, the defendants' counsel has no recollection of receiving notification of the default. Furthermore, the defendants argue that the defendants' counsel has no evidence of the receipt of any notice of default in his file or office. The defendants also argue that defendants' counsel did not learn of the entry of judgment until after four months from the date of entry of the judgment. Upon subsequent inspection, CT Page 8197 the defendants' counsel states he discovered defendants' answer, returned by the clerk with a notation that judgment had entered, in a mailbox of a vacant tenant at the defendants' counsels' address.
On July 19, 1991, the plaintiff filed an objection to the defendants' motion to set aside and reopen judgment upon default. The plaintiff argues that the motion to set aside is untimely and the defendants have not set forth a reasonable cause for defendants' delay in asserting their defense in this instant action pursuant to Connecticut Practice Book Section 377.
"Any judgment rendered. . . upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered. . . ." Connecticut Practice Book Section 377; Connecticut General Statutes Section 52-212(a). "[A] trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered." Van Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517, 518 (1985). A trial court may not reopen a judgment after four months have expired unless the parties waive this time limitation, Van Mecklenburg,196 Conn. at 518, or the trial court lacked in personam jurisdiction over the defendant and thus lacked power to render a judgment, General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 233, 228 (1988). "A trial court's authority to open such judgments does not arise from General Statutes Section 52-212(a) or Practice Book Section 326 but from its inherent power to open a judgment rendered without jurisdiction." General Motors Acceptance Corp., 13 Conn. App. at 228.
Connecticut Practice Book Section 398 requires the clerk to give notice to the attorneys of record of all judgments and defaults made concerning pending cases. See also Connecticut General Statutes Section 51-53. When the trial court record contains no entry of the date when notice of the judgment was given, a rebuttable presumption exists that the clerk complied with the statute and sent notice on the date of the entry of judgment. State ex rel. Baskin v. Bartlett, 132 Conn. 623, 627
(1946). In addition to presuming that the clerk sent notification, the court may also presume that, in the absence of a finding to the contrary, the defendants received that notification. Merrill Lynch, Pierce, Fenner Smith, Inc. v. Cole, 189 Conn. 518, 533 (1983); DiSimone v. Vitello, 6 Conn. App. 390,393 (1986).
"It is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right to be given the opportunity to know that there is a judgment to open." Noethe v. Noethe, 18 Conn. App. 589, 595 (1989). In DiSimone,6 Conn. App. 390, the appellate court held that the four month CT Page 8198 period to file a motion to open started on the date the defendants received actual notice of the judgment. Accord: Noethe,18 Conn. App. at 595-96. "The existence of actual or constructive notice is a question of fact properly within the province of the trial court." Noethe, 18 Conn. App. at 596.
The court file in the present case does contain court notice of the entry of default sent to the attorneys of record on September 10, 1990. Although a notation on the corner of the file indicates that notice of the judgment was sent on March 11, 1991, the file itself does not contain a court notice of the judgment or entry of the date when such notice was given. The defendants have rebutted the presumption that notice was sent by the clerk and received by the defendants' counsel by stating that defendants' counsel "learned of the rendering of judgment" only after the four month period. The defendants also state that the defendants' counsel subsequently discovered court "notice" of the judgment upon investigation in response to learning of the entry of judgment. The defendants' counsel states in his affidavit that he discovered the defendants' returned answer with a notation that judgment had entered on March 4, 1991 in a mailbox of a vacant tenant at defendants' counsel's address.
Based upon the holding in DiSimone, the four month period in which to file a motion to reopen a judgment begins when the defendants' counsel first "learned of the rendering of judgment," which would constitute actual notice of the judgment. The defendants' counsel received court notice in the form of the defendants' returned answer subsequent to actual notice. Although the defendants do not state when the defendants' counsel specifically "learned of the rendering of judgment," they do claim that such actual notice was received after the expiration of the four month period after entry of judgment. Based upon the defendants' counsel's representations to the court, it can be inferred that the defendants' counsel learned of the judgment between July 4, 1991, the expiration of the four months, and August 5, 1991 when the motion was filed.
Therefore, the court finds that the defendants filed their motion to open within four months of receiving actual notice. Accordingly, the court entertains the motion to open as timely filed within the four month time period. Cf. Owens v. Bray, 1 CTLR 77 (April 4, 1990, Lewis, J.) (when defendant received actual notice of the judgment, the beginning of the four month rule was triggered).
"A ruling on a timely filed motion to open is within the trial court's discretion. . . ." Batory v. Bajor, 22 Conn. App. 4,8, (1990). The party seeking to reopen judgment must show that: (1) a good defense existed at the time judgment was rendered; and CT Page 8199 (2) the party seeking judgment was prevented from appearing because of mistake, accident or other reasonable cause. Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 160, 167
(1984); Connecticut Practice Book Section 377; Connecticut General Statutes Section 52-212. "While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court stating acting reasonably would feel bound in duty so to do." Steve Viglione Sheet Metal Co., 190 Conn. at 710-11, quoting McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167 (1927).
Accordingly, the date on which the defendants received actual notice of the judgment triggers the beginning of the four month period. The court finds that the defendants received such notice when defendants' counsel "learned of the rendering of judgment" after more than four months after entry of judgment. This date triggers the four month rule and the motion to open was timely filed within that period.
The motion is granted.
LANGENBACH, J.