[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#118)
After hearing held on defendant's motion for summary judgment, it is hereby ORDERED: Denied; for the following reasons:
In ruling on the instant motion, the court is required to examine the evidence in the light most favorable to the nonmovant. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,380 (1969); Maruca v. Standard, 19 Conn. App. 16, 19 (1989).
Whether the defendant knew, or should have known of a dangerous condition, such as would give rise to a duty to warn, presents a question of fact, or at least a mixed question of fact and law. The question raises a genuine issue of material fact as to which the defendant has failed to remove any doubt. Batick v. Seymour, 186 Conn. 632, 647 (1982). The fact that the plaintiff, on the basis of his own experience, should have been aware of the condition, may raise an issue of contributory negligence, but it is not dispositive of the issue the court must decide.
Apart from the above, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199 (1972); Fogarty v. Rashaw,193 Conn. 442, 446 (1984).
GAFFNEY, J.