[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re MOTION FOR SUMMARY JUDGMENT (#113)
The defendants in an action charging malicious prosecution CT Page 3760 have moved for summary judgment on the plaintiff's complaint.
Before summary relief is appropriate it must be demonstrated that there is no genuine issue as to any material fact. Wilson v. New Haven, 213 Conn. 277, 279 (1989). In making such finding the court is required to examine the evidence in the light most favorable to the nonmovant. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969); Maruca v. Standard,19 Conn. App. 16, 19 (1989).
An action for malicious prosecution against a private person requires a plaintiff to prove, inter alia, that the defendant initiated or procured the institution of criminal proceedings against the plaintiff. McHale v. W.B.S. Corporation, 187 Conn. 444,447 (1982). In terms of proof required, "[a] person is deemed to have initiated a proceeding if his direction or request, or pressure of any kind by him, was the determining factor in the officer's (or prosecutor's) decision to commence the prosecution." Fatone v. DeDominico, 161 Conn. 576, 577 (1971). In other words, if a person, "in any way, brings pressure upon a public officer's decision to commence prosecution," that person has initiated a criminal proceeding (underlining added). Smith v. Globe Ford, Inc., 39 Conn. Sup. 27, 32 (1983).
Although the documentation submitted satisfies the court that the defendant-Senese did not expressly request Officer Christen to arrest the plaintiff, the documentation is inconclusive on the question whether there was pressure exerted on the officer to make an arrest if the plaintiff failed to comply with an order to move his car. In short, the officer was not asked during his criminal trial testimony whether any pressure, real or implied, was brought to bear which would lead him to make such an arrest.
What the officer's testimony does reflect is that a bank supervisor asked him for assistance because the plaintiff would not leave the drive-in window and because the plaintiff would have to come inside the bank to conduct his business. It is reasonable to infer that the supervisor wished the officer to do whatever was required, including arrest, to end the impasse. At the very least, the supervisor's request for assistance in requiring the plaintiff to move his car and to enter the bank can be equated with "pressure of any kind" that was a determining factor in the officer's decision to commence prosecution. See Johnson v. Travelers Insurance Co., 4 Conn. L. Rptr. 434 (1991).
There is an issue of material fact to be resolved at trial, CT Page 3761 and, accordingly, the motion for summary judgment is denied.
GAFFNEY, JUDGE