[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The purpose for summary judgments is to dispose of cases which involve frivolous or sham issues, or where no genuine factual issue exists. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375 (1969); Kakadelis v. DeFabritis, 191 Conn. 276, 281 (1983); Mac's Car City, Inc. v. American National Bank, 205 Conn. 255, 261 (1987).
Ordinarily litigants have a constitutional right to have issues of fact decided by a jury, therefore a movant for summary judgment is held to strict standards demonstrating his his entitlement to such remedy. Kakadelis, supra. at 282.
The plaintiff has alleged libelous and defamatory publication of newspaper articles in that they contained false statements of fact and that known facts were not published which would have changed the defamatory nature of the articles. CT Page 9053
The defendants have asserted as defenses, the truth of the statements, privileged publication, justified publication, and that the plaintiff failed to request a retraction.
In a libel action brought by a public figure, the plaintiff is required to prove actual malice by clear and convincing evidence. Mason v. New Yorker Magazine, Inc.,115 L.Ed.2d 447 (1991); Anderson v. Liberty Lobby,91 L.Ed.2d 101
(1986). See also Dow v. New Haven Independent, 41 Conn. Sup. 31,47 (Berdon, J. 1988). It is this standard by which the motion for summary judgment in this case is considered.
After reviewing the file in its entirety, including the exhibits appended to the briefs filed in connection with this motion, this Court is not prepared to find as a matter of law that the trier of fact could not draw inferences from the evidentiary materials which could result in a verdict for the plaintiff on either or both counts. See United Oil Co., supra, at page 379; Rotophone, Inc., v. Danbury Hospital,13 Conn. App. 230, 232-33 (1988).
Accordingly, the motion is denied.
The defendants' alternative request for partial summary judgment is also denied. The questions of truth of the statements, of privilege and defamation are, under the allegations and offers of proof, matters to be decided by the fact finder.
BY THE COURT, Hon. Lawrence C. Klaczak Superior Court Judge