[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Harvey Weber, filed a five-count revised complaint April 13, 1995, seeking to foreclose a mechanic's lien by reason of the defendant's failure to pay for the plaintiff architect's services rendered. The defendant filed an amended CT Page 5163-CCCC answer, special defenses and counterclaims on June 22, 1995 and amended on September 14, 1995. The plaintiff filed a motion to strike (#106) the defendant's fourth special defense and counterclaim alleging a violation of Connecticut Unfair Trade Practices Act, General Statutes § 42-110b(a) et seq. on September 14, 1995. The defendant filed a memorandum in opposition on February 26, 1996.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The plaintiff asserts that the defendant has failed to state a claim under CUTPA on three grounds; 1) the defendant does not allege a nexus to a public interest; 2) the defendant has merely stated a cause of action in breach of contract, which is not a sufficient basis for a CUTPA action; and 3) the defendant has not alleged an unfair practice as interpreted by the courts.
As the defendant points out, the CUTPA statute was amended by P.A. No. 84-486, §§ 2, 4, and now provides, in § 42-110g(a), "[p]roof of interest or public injury shall not be required in any action brought under this section." "The public interest requirement of a private action under CUTPA was . . . eliminated by the legislature." Rotophone, Inc. v. DanburyHospital, 13 Conn. App. 230, 233, 535 A.2d 830 (1988).
The plaintiff next argues that a claim under CUTPA requires more than a breach of contract, and that defendant has not met the test for determining whether a practice is unfair. "In determining whether a practice violates CUTPA, we use the following criteria: whether a practice violates CUTPA, we use the following criteria: `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, CT Page 5163-DDDD unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers[,] competitors or other businessmen.'" Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243, 254, 550 A.2d 1061 (1988).
The special defense and counterclaim alleges that "4. Weber held himself out to Air Express as a duly licensed professional architect having the specialized skill and experience necessary to fulfill the agreement. 5. Weber's failure to perform his obligations pursuant to the contract in a professional, skilled and workmanlike fashion has caused Air Express damages." The claim then states that these actions constitute an immoral, unethical, oppressive and/or unscrupulous business practice. The defendant argues that the count pleads that the plaintiff's representations as to his qualifications to carry out the contractual duties, coupled with his failure to fulfill those duties, is a deceptive act. The defendant asserts that an action for deception or misrepresentation is a valid basis for a CUTPA claim.
The defendant has not alleged facts sufficient to state a claim for CUTPA. The complaint does not allege an actual misrepresentation, it only alleges that the plaintiff did not fourth special defense and counterclaim does not state a claim under CUTPA, and are stricken
HICKEY, J.