[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
John DiGirolamo, Beatrice DiGirolamo and Hair Concepts, Inc. (defendants) have moved for summary judgment in this case which CT Page 8549 arises out of a fall by Mary Connolly (plaintiff) in a parking area/sidewalk adjacent to Hair Concepts on Main St. in Madison, Connecticut.
The thrust of the defendants' motion is that no duty is owed to the plaintiff because the defendants did not own, maintain or control the area in which the plaintiff fell and did not create the condition alleged to have caused the plaintiff to fall.
The defendant has submitted an affidavit which alleges that they do not own, control or maintain the area in which the fall took place. The plaintiff has filed affidavits which directly contradicts the assertions of the defendant.
The purpose of summary judgments is to expeditiously dispose of, without trial, cases involving frivolous or sham issues, or where no genuine factual issue exits. See Mac's Car City, Inc. v.American National Bank, 205 Conn. 255, 261 (1987); Kakadelis v.DeFabritis, 191 Conn. 276, 281 (1983); United Oil Co. v. UrbanRedevelopment Comm'n, 158 conn. 364, 375 (1969). The function of the court is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski,206 Conn. 495, 500 (1988). It is error, therefore, for a trial court to grant summary judgment where, after it has found the existence of a triable issue or fact, it proceeds to resolve the issue itself. Paine Webber Jackson Curtiss, Inc. v. Winters,13 Conn. App. 712, 722-24 (1988)
The standard applicable to granting of summary judgment as a matter of law is the same as that applied to granting of a directed verdict. Movant must show that it is "`quite clear what the truth is,'" and that excludes "`any real doubt'" as to existence of genuine issue as to any material fact. State v.Coggin, 208 Conn. 606, 616 (1988); Fogarty v. Rashaw,193 Conn. 442, 445 (1984); Batick v. Seymour, 186 Conn. 632, 647 (1982).
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the movant for summary judgment is held to strict standard demonstrating his entitlement to such remedy. Kakadelis, 191 Conn. at 282.
Inferences to be drawn from underlying facts contained in evidentiary materials must be viewed in light most favorable to party in opposition. D H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980); See Nolan, 206 Conn. at 500: Rotophone,CT Page 8550Inc. v. Danbury Hospital, 13 Conn. App. 230, 232-33 (1988).
Although there is no questions of fact with regard to ownership of the site of the fall, there does seem to be a question of fact with regard to the maintenance and or control of that area. A material fact in controversy prevents the court from acting on the defendant's motion for summary judgment. The motion is denied.
Thomas V. O'Keefe, Jr. Judge