[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 31, 1996
The plaintiff in this action has filed the following motions: (1) motion for contempt dated January 12, 1996; (2) motion to modify alimony and child support; (3) motion to modify child support dated October 23, 1995; and (4) motion to modify visitation dated January 12, 1996.
The defendant has filed a motion to dismiss, coded No. 110 and dated January 29, 1996, seeking to dismiss all of the above pending motions on the grounds that the court lacks jurisdiction.
The parties have entered into the following stipulation of facts dated July 23, 1996.
1. A divorce decree in this matter was entered in the 324th Judicial District of Tarrant County, Texas (Case #324-154316-90) on October 20, 1992, providing, inter alia, for custody and visitation regarding the minor children. CT Page 5174
2. Immediately thereafter, the Sole Managing Conservator (sole custodian), the Plaintiff, moved to Connecticut with the children.
3. With the exception of a ten (10) month period in 1993, the Plaintiff and children have resided in Connecticut since October, 1992.
4. The Plaintiff registered the Texas judgment in the State of Connecticut in November, 1992, and personal service of said registration was effectuated on the Defendant on December 21, 1992, in Texas, with regard to this Connecticut action.
5. The Defendant has remained a resident of Texas since the judgment of October, 1992.
6. On or about November 28, 1995 the Plaintiff filed, pursuant to Connecticut General Statutes 46B-105, a registration of both the custody decree and a modification entered in the Texas court on December 13, 1993.
7. On December 29, 1995 the Defendant filed a "Motion for Enforcement and Order to Appear" (essentially a Motion for Contempt) in the Texas court alleging that the Plaintiff had not complied with the Texas judgment concerning the Defendant's visitation with said children. Said motion filed in Texas was personally served on the Plaintiff in this action on January 11, 1996.
8. The Plaintiff responded to said motion by counsel in the Texas court and, at Plaintiff's request, the scheduled hearing in Texas was continued until March 18, 1996.
9. On January 12, 1996, the Plaintiff filed in this court a Motion for Contempt and a Motion to Modify Visitation. The Defendant was duly served with these motions and a citation to appear for a scheduled hearing on March 4, 1996.
10. The Defendant subsequently appeared in Connecticut, by counsel "for purposes of contesting jurisdiction."
11. On February 29, 1996, the Defendant filed in this court a Motion to Dismiss and supporting Memorandum of Law. On March 4, 1996, this court found jurisdiction in Connecticut under Section 46B-93(a)(1), and therefore denied the Defendant's Motion to CT Page 5175 Dismiss.
12. The court further appointed Julie Irene Foster as counsel for the minor children in this action.
13. The Defendant filed another Motion to Dismiss, dated March 29, 1996, and the Plaintiff filed an Objection to same dated April 22, 1996, which motion has yet to be decided.
14. On May 14, 1996, the Texas court entered an order regarding jurisdiction.
15. As of the date of this Stipulation, the children are exercising their summer visitation with the Defendant in the State of Texas.
16. On or about March 18, 1996, the Defendant in the Texas action filed a Motion to Modify Visitation, which is scheduled for a hearing on October 4, 1996.
17. The Defendant in Texas has filed a Motion to Extend Visitation for the summer visit, which motion is currently pending in the Texas court, with hearing scheduled for July 26, 1996.
In the case of Cashman v. Cashman, 41 Conn. App. 382 (1996), the issue was whether the trial court had jurisdiction to modify an existing alimony order that was entered as part of a Connecticut dissolution. The court stated at pages 389-90 as follows:
 The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1984). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts CT Page 5176 would not offend traditional notions of fair play and substantial justice . . . [Citations omitted.]
***
 The trial court based its holding on the United States Supreme Court's decision in Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In Kulko, the court held that the California state courts could not exercise in personam jurisdiction over a nonresident, non-domiciliary parent of minor children domiciled within the state unless the nonresident purposefully derives benefits from any activities relating to the state.
[Emphasis provided.]
This court finds that insofar as the motion to hold the defendant in contempt, the motion to modify alimony and support, and the motion to modify child support filed by the plaintiff, that it does not have jurisdiction over the defendant and, therefore, dismisses those motions for the reason that the defendant has not established any meaningful contact, ties or relations with Connecticut.
The parties are also in dispute regarding the issue of jurisdiction concerning the plaintiff's motion to modify visitation.
The Texas court has pending before it a motion to modify visitation, dated March 18, 1996, in which the presiding judge, the Honorable Brian Carper, has ruled that Texas has jurisdiction over matters of enforcement, visitation and modification of support in this case.
This court would also have jurisdiction to entertain the plaintiffs motion to modify visitation under the provision of § 46b-93.
This court has also been in contact with the Texas court in accordance with the provision of § 46b-96 (c), and has been informed by the Texas court that it is prepared to assume jurisdiction regarding the visitation dispute. In accordance with the provision of § 46b-97, this court finds that it is an inconvenient forum to entertain the plaintiff's motion to modify visitation and, therefore, declines to entertain jurisdiction. CT Page 5177 This court finds that Texas is a more appropriate forum to exercise jurisdiction regarding the visitation dispute, and that it is in the best interest of the children to have this dispute resolved in Texas.
There are additional reasons why the court is not assuming jurisdiction in this case. A further limitation on assuming jurisdiction under the Uniform Child Custody Jurisdiction Act to modify a custody decree of another state is found in § 46b-104. That section specifically provides that if a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter, or after substantially in accordance with this chapter, or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction. While the court of this state does have jurisdiction, Texas also has jurisdiction under jurisdictional prerequisites substantially in accordance with the Connecticut Uniform Child Custody Jurisdiction Act, and has not declined to assume jurisdiction.
ORDER
This court, therefore, enters an order staying the present proceeding on condition that the visitation dispute proceed promptly in Texas.
AXELROD, J.