[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Anne T. Nuzzo, was injured after a collision in a automobile accident with Katarina Russell-Agrell (Agrell). The plaintiff has brought this action which alleges that the defendant, Nationwide Mutual Insurance Company, breached its duty to provide basic reparations payments for medical care, pursuant to the automobile insurance policy it issued her.
The defendant has filed a counterclaim stating that "[i]f the plaintiff has received or will receive payment from or on behalf of Agrell for plaintiff's injuries and medical damages sustained, then Nationwide is entitled to equitable subrogation, equitable setoff or equitable recoupment of the Family Compensation benefits paid to the plaintiff in the amount of $2,671, or such further amounts required to be paid, that the plaintiff may obtain from Agrell or Agrell's insurer."
The plaintiff has moved to strike the counterclaim. "A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). The plaintiff argues that the defendant's counterclaim is legally insufficient because a statutory subrogation claim is no longer available to an automobile insurer. The plaintiff reasons that while the No-Fault statutory scheme specifically provided for an insurer's subrogation claim, that cause of action was extinguished with the repeal of No-Fault.
The No-Fault Motor Vehicle Insurance Act was enacted by the General Assembly on April 18, 1972, and required "owners of private passenger motor vehicles to provide security for the payment of basic reparations benefits and for residual liability." Gentile v. Altermatt, 169 Conn. 267, 270, 363 A.2d 1
(1975), appeal dismissed, 423 U.S. 1041, 96 S.Ct. 763,46 L.Ed.2d 631 (1976). The act existed as a part of the Connecticut General Statutes at §§ 38a-363 to 38a-388 (Rev, to 1993). Under the act, basic reparations benefits were provided, without regard to fault, to a "basic reparations insured" for personal injuries and economic loss suffered as a result of automobile accidents. General Statutes §§ 38a-365 to 38a-368. General Statutes § 38a-369 gave insurers the right to require insureds who received reparations benefits or who recover tort damages to reimburse the insurer for the reparations benefits paid.[1] See Shelby MutualIns. Co. v. Della Ghelfa, 200 Conn. 630, 637, 513 A.2d 52 (1986) ("[T]he history and scheme of the act indicate a legislative CT Page 4485 intent to create a lien in favor of the insurer for the entire amount paid in reparations benefits."); U.S. Fidelity GuarantyCo. v. Metropolitan Property Liability Ins. Co.,10 Conn. App. 125, 130, 521 A.2d 1048 (1987) (affirming that insurer as subrogee of its insured had an adequate legal remedy against tortfeasor's insurer under the subrogation statutes, General Statutes §§ 38-175 and 38a-369); Amica Mutual Ins. Co. v. Barton,1 Conn. App. 569, 574, 474 A.2d 104 (1984) (finding that insurer had statutory subrogation right under General Statutes § 38a-369); Hartford Accident Indemnity Co. v. Holder,37 Conn. Sup. 723, 727, 436 A.2d 308 (1981) ("finding that General Statutes § [38a-369] provides an insurer with a right to either direct reimbursement or to subrogation for basic reparations benefits which it previously paid to its insured").
The No-Fault statutory scheme, including General Statutes § 38a-369, was repealed by No. 93-297, § 28 of the 1993 Public Acts. As a result of that repeal, "the plaintiff's right to recover reparations benefits paid to the defendant insured was extinguished." Amica Mutual Ins. Co. v. Woods,48 Conn. App. 690, 696, 711 A.2d 1208, cert. denied, 245 Conn. 916,719 A.2d 900 (1998). Although the defendant does not set out in its counterclaim when the family compensation benefits it seeks to recoup were paid, these payments would necessarily have to have been paid after the plaintiff's automobile accident, which occurred on August 11, 1995. The defendant has no statutory subrogation right because its action arose after the repeal of No-Fault. Id.
The plaintiff also argues that the defendants counterclaim is insufficient because no common law equitable subrogation, setoff or recoupment right exists. The plaintiff reasons that any equitable right has been abrogated by General Statutes §52-225c.
The defendant opposes the motion, arguing that pursuant toWestchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362,370-71, 672 A.2d 939 (1996), an insurer has a common-law right of equitable subrogation in the context of first party uninsured motorist and medical claims under automobile policies. The defendant also contends that General Statutes § 52-225c, which provides that "[u]nless otherwise provided by law no insurer . . . [may] recover collateral source payments [from its insured]," is no bar to its recovery of collateral source payments[2] made to the plaintiff because its common law equitable subrogation CT Page 4486 right is a "law" within the meaning of "unless provided by law."
In Westchester Fire Ins. Co. v. Allstate Ins. Co., supra,236 Conn. 362, the Supreme Court, overruling Berlinski v.Ovellete, 164 Conn. 482, 325 A.2d 239 (1973), held that where an uninsured motorist carrier made uninsured motorist payments to an insured pursuant to a policy of insurance, it became, to the extent of such payments, equitably subrogated to the rights of the insured against the uninsured motorist tortfeasor.
The defendants counterclaim is untenable. First, "[t]he plaintiff's subrogation rights came into existence pursuant to the contract of insurance which existed prior to the time the assured's cause of action arose, rather than pursuant to an assignment made after the cause of action arose.'" WestchesterFire Ins. Co. v. Allstate Ins. Co., supra, 236 Conn. 369, quotingAetna Casualty Surety Co. v. Associates Transports, Inc.,512 P.2d 137, 141 (Okla. 1973). However, Berlinski was the law until March 19, 1996, when it was overruled by Westchester Fire Ins.Co. That is, Berlinski was the law on August 11, 1995, when the defendants automobile accident occurred, and prior thereto when the plaintiff and the defendant entered into the contract of insurance. "[P]arties are presumed to have contracted with reference to existing law"; Bradley Facilities, Inc. v. Burns,209 Conn. 480, 491, 551 A.2d 746 (1988); and at the time that the parties here contracted, the existing law prohibited equitable subrogation.
Second, even assuming that Westchester Fire was the applicable common law, at the time the decision in WestchesterFire was released by the Supreme Court, and at all times relevant hereto, General Statutes § 52-225c provided: "Unless otherwise provided by law, no insurer or any other person providing collateral source benefits as defined in section 52-225b shall be entitled to recover the amount of any such benefits from the defendant or any other person or entity as a result of any claim or action for damages for personal injury or wrongful death regardless of whether such claim or action is resolved by settlement or judgment. The provisions of this section shall apply to insurance contracts issued, reissued or renewed on or after October 1, 1986."
General Statutes § 52-225c is clear and unambiguous. It precludes a claim or action, whether or not reduced to judgment, for collateral source benefits "unless otherwise provided by CT Page 4487 law." The phrase "unless otherwise provided by law" means unless another statute provides an insurer with such a right. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 191-92,592 A.2d 912 (1991) (To include the common law doctrines as "law" within the phrase "except as otherwise provided by law" would render the Tort Reform statute a nullity.).[3] The plaintiff has not identified any such statute nor has the courts research uncovered one. Accordingly, the defendant has no right to subrogation as a result of its payments of medical expenses on behalf of the plaintiff pursuant to its policy of insurance. SeePajor v. Town of Wallingford, Superior Court, judicial district of New Haven at New Haven, Docket No. 366807 (June 7, 1996) (17 Conn. L. Rptr. 255, 247-49).
Finally, although Westchester Fire overruled Berlinski, and held that an insurer has an equitable subrogation right to recover underinsurance motorist payments it has made to its insured, Westchester Fire was itself promptly overruled by the General Assembly. By Public Acts 1997, No. 97-58, § 4, the legislature eliminated this right of subrogation for underinsured motorist claims. The effective date of the act applied to any claim or cause of action pending on or brought after March 19, 1996, the date that the Westchester decision was released. Public Act 97-58, § 5.
The counterclaim, therefore, is legally insufficient.[4] The plaintiff's motion to strike is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court