[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT (#112)
On February 2, 1999, the plaintiff Nationwide Insurance Company (Nationwide) filed a two count complaint against defendant CNA Insurance CT Page 3132-cg Company (CNA) and its insureds defendants James Medina and Jaimie Medina (Medina).[1] The complaint alleges the plaintiff issued a policy of insurance to Michele A. Currivan (Currivan) and that on or about January 22, 1997, Currivan was involved in a motor vehicle accident on Main Street in Bridgeport, wherein she and her passenger, Cailin Currivan, suffered injuries when their automobile was struck from the rear by a vehicle owned by James Medina. At the time of the accident, James Medina was the owner of a vehicle that he provided for the use and benefit of his son, Jaimie Medina. It is undisputed that said vehicle was made available to Jaimie Medina under the auspices of the family car doctrine.[2]
The plaintiff alleges that at the time of the accident the Medina vehicle was operated by a permissive user or one negligently entrusted by Jaimie Medina. The plaintiff also alleges that the Medina's insurance company, CNA, has declined coverage for the injuries sustained by the Currivans from the January 1997 accident. As a result of the accident, the Currivans brought an uninsured motorist claim against Nationwide. Nationwide now seeks money damages from CNA in subrogation to the right of its insured for any damages it may owe to its insured.[3]
The first count of Nationwide's complaint alleges that the accident was caused by the negligence of a permissive user of the Medina vehicle. The second count repeats the allegations of the first count and alternatively alleges that Jaimie Medina negligently entrusted his vehicle to another in that he left his keys in a place where they would be accessible to others who were not in a position to safely operate the vehicle.
Both defendants move for summary judgment on each of the two counts in the plaintiff's complaint (#112). CNA and Medina argue that there is no genuine issue of material fact relative to the circumstances surrounding: 1) the use of the Medina vehicle; 2) by an unauthorized driver; and 3) any wrongful denial of liability coverage by CNA to the Medinas, and as such, the inability of the plaintiff to recover for uninsured motorist subrogation per General Statutes § 38a-336b. The court will address each of these claims in turn.
First, the defendants argue that there is no genuine issue of material fact whether the Medina vehicle was even involved in the subject accident. In support of their motion, the defendants proffer the averments made by Jaimie Medina in his affidavit, wherein he avers that he drove his father's car to the home of his friend, Michelle Shaner; (see Exhibit B, Affidavit of Jaimie Medina, February 21, 2000, ¶ 4); parked the car on the street and put the car keys in his jacket pocket CT Page 3132-ch that he hung in a closet at the Shaner residence. (See Exhibit B, ¶ 5, ¶ 8.) Jaimie avers that he then left the Shaner residence with a friend and did not return for an hour; (see Exhibit B, ¶ 6); and that upon his return to his friend's home, his father's vehicle was where he had parked it. (See Exhibit B, ¶ 14.) Jaimie further avers he found a police document on the windshield asking the owner to come to the police station because the vehicle had been involved in an accident; (see Exhibit B, ¶ 15); and that he subsequently inspected the vehicle and found no damage. (See Exhibit B, ¶ 16.)
In opposition, Nationwide argues that there is a genuine issue of material fact whether the Medina vehicle was involved in the accident and submits a copy of the police report filed on the accident in support of its position.[4] (See Exhibit 1, Uniform Police Accident Report.) However, only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Great Country Bankv. Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997). In the present case, the requirements for the admissibility of the police report in question have not been met. Accordingly, said police report is not admissible and may not be considered by the court in ruling on this motion for summary judgment. Butts v. Leone, infra Fn 4.
The moving party (in this case CNA and Medina) bear the burden to show the nonexistence of any material fact. See Great Country Bank v.Pastore, supra, 241 Conn. 435. Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See id., 436. The defendants submit only the self-serving affidavit of Jaimie Medina in support of this portion of their motion. Self-serving affidavits of moving parties are insufficient to support a motion for summary judgment. See Graham v. Posta, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310102 (October 8, 1997,Melville, J.) Accordingly, the defendants have not met their burden to show that there is no genuine issue of material fact whether the Medina vehicle was involved in the collision. Therefore, the defendants' motion for summary judgment on this basis must be denied.
Second, CNA and Medina alternatively argue that even if the Medina vehicle was involved in the accident, there is no question but that whoever was driving it lacked permission to use the vehicle and, therefore, was not covered by the CNA policy.
In opposition, the plaintiff contends that the defendants have not rebutted with sufficient and persuasive evidence the presumption of agency set forth in General Statutes § 52-183, which presumption was CT Page 3132-ci raised once the plaintiff proved the defendant is the owner of the vehicle.
General Statutes § 52-183, the so-called agency statute, provides in relevant part:
 "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating in the course of his employment. The defendant shall have the burden of rebutting the presumption."
In support of their motion, CNA and Medina submit only the affidavit of Jaimie Medina, in which he avers that he did not give anyone else permission to drive his father's vehicle; (see Exhibit B, ¶ 9); and that he had no reason to anticipate that anyone would take the keys to his father's vehicle from his jacket pocket. (See Exhibit B, ¶ 10.) The statutory presumption created by § 52-183 is not one which is rebutted by the mere offer of substantial countervailing evidence. When the information is particularly within the knowledge of the defendant, submitting affidavits of the movants/defendants denying anyone had permission to use the vehicle is insufficient evidence to overcome the presumption. See, e.g., Bogart v. Tucker, 164 Conn. 277, 282, 320 A.2d 803
(1973); Torres v. Dellaghelf, Superior Court, judicial district of Waterbury, Docket No. 125808 (March 20, 1996, Pellegrino, J.) (automobile owner cannot relieve himself of his statutory burden of rebutting the presumption by submitting his own affidavit of facts in support of his motion for summary judgment). Such an affidavit provided in support of a motion for summary judgment to rebut the agency presumption "does nothing more than demonstrate the existence of a factual issue which must be resolved by a jury." Torres v. Dellaghelf, supra, Superior Court, Docket No. 125808.
Accordingly, Jaimie Medina's self-serving affidavit stating that the driver was not a permissive user fails to provide sufficient evidence to remove this factual issue from consideration of a jury. Therefore, because the defendants fail to meet their burden to show that there is no genuine issue of material fact, their motion for summary judgment on this basis must also be denied.
Finally, the defendants argue there is no genuine issue of material CT Page 3132-cj fact that CNA ever denied liability coverage to its insured, the Medinas, as is alleged by the plaintiff, and, as such, the plaintiff is not entitled to recover for uninsured motorist subrogation per General Statutes § 38a-336b.[5]
In support of their argument that coverage had not been denied, the defendants submit affidavits of James Medina, Jaimie Medina and Keliah Coon, a Claims Supervisor with CNA, averring that at no point in time has CNA denied the Medinas liability coverage. (See Exhibit A, Affidavit of James Medina, February 21, 2000, ¶ 4; Exhibit B, Affidavit of Jaimie Medina, February 21, 2000, ¶ 17; Exhibit C, Affidavit of Keliah D. Coon, February 7, 2000, ¶ 12.) As the court has already pointed out, supra, self-serving affidavits of the moving parties are insufficient to support a motion for summary judgment. See Graham v. Posta, supra, Superior Court, Docket No. 310102.
In opposition, the plaintiff argues that CNA has denied coverage for the Medina vehicle and submits a copy of a handwritten note on a facsimile cover sheet from Ray Derek of Personal Lines at CNA to the Currivans' former attorney, Hugh Lavery. In his note, Derek writes "[a]s per your request, due to time constrictions, this will confirm that we donot provide coverage for the non-permissive user of James Medina's vehicle. The vehicle was taken without his knowledge or permission. As such, our coverage does not extend to the unknown and apparently un-licensed [operator] listed on the Police Report." (Emphasis added.) (Exhibit 3, facsimile cover sheet from Ray Derek to Attorney Lavery dated January 1, 1999, p. 3 of 3.)
While the defendants fail to meet their burden of showing the nonexistence of any material fact regarding CNA's denial of coverage for the Medinas, the plaintiff's submission does demonstrate that CNA denied coverage on grounds of a non-permissive user of the Medina vehicle. Consequently, whether the Medina vehicle was involved in the accident and, if so, whether the driver of the Medina vehicle was a permissive user or one negligently entrusted by Jaimie Medina remain questions of fact in this action. Accordingly, there exists genuine issues of material fact in this case.
It is, therefore, necessary to consider the defendant's argument that the plaintiff is not entitled to recover for uninsured motorist subrogation per General Statutes § 38a-336b.
General Statutes § 38a-336b provides "No insurer providingunderinsured motorist coverage as required under this title shall have CT Page 3132-ck any right of subrogation against the owner or operator of theunderinsured motor vehicle for underinsured motorist benefits paid or payable by the insurer." (Emphasis added.) Looking to the legislative history of § 38a-336b, there is scant discussion regarding the public act that amended this statute. It is clear however, that there was no specific discussion about uninsured motorist claims. See Public Acts 1997, No. 97-58, § 4 (P.A. 97-58).
The entirety of the discussion about the proposed addition to the statute regarding subrogation and motorist claims was provided by Representative Lawlor on April 30, 1997. He testified as follows:
 In section four, this language attempts to resolve a dilemma which appeared following a March 13th, 1996 state Supreme Court decision in Westchester Fire Insurance Company versus Allstate Insurance Company dealing with the very complex issue of subrogation on underinsured motorist claims. Basically what this language would allow is the prompt settlement of a case as it relates to the person who has relatively low insurance. Most of us have insurance coverage for ourselves in case we are involved in a motor vehicle accident by a person who has low insurance coverage. We have underinsurance coverage which would kick in after that. Following the decision in Westchester Fire, cases could not be settled, because the at fault defendant couldn't be let out of the case because of the subrogation rights that the underinsured motorist insurer had against the motorist who was at fault essentially. So this would eliminate that, eliminate the right of subrogation against the owner or operator of the underinsured motor vehicle in order to facilitate a prompt settlement of that part of the claim.
P.A. 97-58, p. 1999-2000.
In view of the legislative history and the language of § 38a-336b, as amended by P.A. 97-58, it would appear that the legislature eliminated the right of subrogation only for underinsured, not uninsured, motorist claims. See Nuzzo v. Nationwide Mutual Ins. Co., Superior Court, judicial district of New Haven, Docket No. 394015 (April 8, 1999, Levin, J.) (24 Conn. L. Rptr. 388, 390) ("[b]y Public Acts 1997, No. 97-58, § 4, the legislature eliminated this right of subrogation for underinsured CT Page 3132-cl motorist claims"); see also Garcia v. ITT Hartford Ins. Co., Superior Court, judicial district of Hartford, Docket No. 579974 (December 8, 1998, Peck, J.) (23 Conn. L. Rptr. 450, 451) ("there is no indication that the right to subrogation in the uninsured context has been affected by P.A. 97-58"). Accordingly, whether CNA denied coverage to the Medinas is material because, as a matter of law, the statute in question does permit subrogation in uninsured motorist claims which this claim appears to be. Therefore, for all of the foregoing reasons, the defendants' motion for summary judgment is DENIED.
MELVILLE, J.