WINIFRED A. KLOTER *v.* CARABETTA ENTERPRISES, INC.
(2758)

HULL, BORDEN and SPALLONE, Js.

Argued November 15, 1984—decision released January 1, 1985

*Stephen T. Gionfriddo,* for the appellant (defendant).

*Jerome D. Levine,* for the appellee (plaintiff).

PER CURIAM. The principal issue in this appeal is whether the plaintiff in a nuisance action may obtain both damages for the reduction in the value of her land and mandatory injunctive relief to remove the cause of the damage. Under the circumstances of this case, we find no error in the trial court's judgment granting both remedies.

In 1968, the defendant corporation built an apartment complex on land which it owned adjacent to the plaintiff's property in Vernon. During construction, the defendant installed a culvert which collected storm and surface water from its land and discharged that water directly onto the plaintiff's land. The plaintiff filed the present action in nuisance in 1977 and a default judgment was rendered against the defendant on January 7, 1980. The defendant moved for a hearing in damages at which the plaintiff was awarded $18,000 with costs. The defendant appealed that award, for reasons not pertinent here, and the Supreme Court remanded the case for a new hearing in damages. *Kloter* v. *Carabetta Enterprises, Inc.,* 186 Conn. 460, 442 A.2d 63 (1982).

At the second hearing in damages, the court awarded the plaintiff $16,436, representing the difference between the value of the land before and after the defendant added its culvert. The court also awarded the plaintiff permanent injunctive relief, directing the defendant to seal up its culvert and further enjoining it from installing any other system or device to divert water onto the plaintiff's land. The defendant asserts, primarily, that the award of both damages and injunctive relief was improper. The defendant also raises three other minor claims of error, only one of which merits comment.

It is clear that the plaintiff may obtain both damages and injunctive relief in a case such as this. The case of *Berin* v. *Olson,* 183 Conn. 337, 439 A.2d 357 (1981), which involved damages to the plaintiff's property caused by water flowing from the defendant's land, is exactly on point. There the court stated "[t]he defendants also contend that an adequate remedy at law existed, as evidenced by the fact that the plaintiff was awarded damages, and because the plaintiff could keep coming back to the courts for damages if he should sus-

tain any further injury by the defendants' acts. The fact that the court awarded damages does not preclude the plaintiff from receiving injunctive relief. See *Taylor* v. *Conti,* [149 Conn. 174, 181, 177 A.2d 650 (1962)] (award of both damages and injunctive relief); 42 Am. Jur. 2d, Injunctions § 40, p. 780; 5 Clark, Waters and Water Rights § 458. 'For over one hundred years in this state, we have recognized the general power of equity to afford relief by injunction and damages for injury caused by a nuisance created by the unreasonable conduct on one's own property of an otherwise lawful activity. . . .' *Nair* v. *Thaw,* 156 Conn. 445, 451–52, 242 A.2d 757 (1968) (award of money damages and injunction restraining certain activity of the defendant). 'A remedy at law, to exclude equity jurisdiction, must be as complete and beneficial as the relief in equity.' *Beach* v. *Beach Hotel Corporation,* 117 Conn. 445, 453, 168 A. 785 (1933); *Winestine* v. *Rose Cloak & Suit Co.,* 93 Conn. 633, 638, 107 A. 500 (1919)." *Berin* v. *Olson,* supra, 341–42.

In this case, the wrong to the plaintiff would continue if the defendant's actions were not enjoined. Thus, the plaintiff is entitled both to damages for the injury which has already occurred and to an injunction to prevent further such injuries.

As to the defendant's final claim of error, that the trial court was biased against it, a careful examination of the portion of the transcript excerpted by the defendant to demonstrate its claim shows the claim to be entirely baseless. Such a reckless attack on the trial judge does not advance the cause of justice.

There is no error.