## United States Fidelity and Guaranty Company *v.* Metropolitan Property and Liability Insurance Company (4477)

Dupont, C. J., Spallone and Bieluch, Js.

Argued November 4, 1986—decision released March 10, 1987

*Bruce L. Levin* filed a brief for the appellant (plaintiff).

*Veronica E. Reich,* with whom, on the brief, was *Raymond B. Rubens,* for the appellee (defendant).

Bieluch, J. The plaintiff appeals from the summary judgment rendered for the defendant. Its sole claim of error is that the trial court erred in holding that the plaintiff was required to allege a contractual relation-

ship with the defendant as a prerequisite to recovery under the equitable doctrine of unjust enrichment. We find no error.

The following facts are not in dispute. An automobile owned by the plaintiff's insured was involved in an accident with a vehicle owned by the defendant's insured, causing injuries to the driver and passenger of the plaintiff's insured's car. The defendant denied coverage for the injury claims arising from the accident. The plaintiff's insured and passenger then sought to recover damages from the plaintiff under the uninsured motorist coverage of the policy. This claim was submitted to arbitration. An award to the claimants was paid by the plaintiff. The plaintiff, thereafter, brought this action against the defendant seeking to recover "payments [that] were required to be made by the plaintiff as a direct and proximate result of the defendant's wrongful denial of coverage to its insureds."

The plaintiff claims that by its payment of damages which were "rightfully the responsibility of the defendant," the defendant was unjustly enriched. Although the complaint does not specifically refer to unjust enrichment as the principle upon which relief should be granted, the parties agree that this was the theory presented to, and passed upon by, the trial court. We shall, therefore, decide this appeal on that basis. *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 35 n.4, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986).

After the pleadings were closed, the defendant moved for summary judgment. The trial court granted the motion, observing that there was "no allegation in this complaint that the plaintiff could have had a contractual relationship with the defendant." The court specifically found that the plaintiff's payment of the claims

"was made under its contractual obligation with its own insured for which it received the benefit of premium payments," and concluded, therefore, that "[a]ny rights which would arise against the defendant would be in tort as subrogee of its insured's rights."

The plaintiff claims that the trial court erred in granting summary judgment for the defendant on the ground that there was no contractual relationship between the parties. We disagree with the plaintiff's characterization and interpretation of the trial court's statement. The court observed that there was "no allegation in this complaint that the plaintiff *could have had* a contractual relationship with the defendant." (Emphasis added.) The court did not require a legally enforceable contract as a prerequisite to recovery upon a claim of unjust enrichment. An allegation of a contract enforceable at law would, of course, preclude the equitable remedy of unjust enrichment. See *Menard* v. *Gentile,* 7 Conn. App. 211, 215, 508 A.2d 456 (1986); *A & C Corporation* v. *Pernaselci,* 2 Conn. App. 264, 265, 477 A.2d 166 (1984). Rather, the court's statement was a reference to those situations where a plaintiff has no enforceable right under an alleged contract, leaving him to recover on the basis of unjust enrichment in the alternative. See 12 S. Williston, Contracts (3d Ed. Jaeger) § 1479. The trial court, therefore, did not err in observing whether the parties "could have had a contractual relationship" in the circumstances of this case, especially since the alleged theory of recovery was unclear.

A review of the trial court's memorandum of decision reveals the reason for its granting of the defendant's motion for summary judgment. The trial court found that "[a]ny rights which would arise against the defendant would be in tort as subrogee of its insured's rights." Since the plaintiff had a remedy under the

subrogation statutes,[1] it could not bypass the statutory remedy by seeking equitable relief unless the statutory remedy was inadequate. See *Burchett* v. *Roncari,* 181 Conn. 125, 128, 434 A.2d 941 (1980); *Kloter* v. *Carabetta Enterprises, Inc.,* 3 Conn. App. 103, 105, 485 A.2d 582 (1985).

---

[1] General Statutes § 38-175 provides: "Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

General Statutes § 38-325 provides in part: "(b) Whenever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement, from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under this chapter or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid, minus an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits. . . . The insurer shall have a lien on the claimant's recovery for the amount to which he is entitled for such reimbursement; provided no such lien shall attach until such time as the proceeds of such recovery are in the possession and control of such claimant.

"(c) Whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization not described in subsection (b), an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments."

The plaintiff does not claim that it could not have pursued this remedy at law. It asserts, instead, that the right of subrogation was inadequate in that such a course of proceeding is "unworkable, if not impossible, unduly cumbersome and unnecessary." Subrogation actions are neither impossible nor unworkable.[2] See *Cook* v. *Collins Chevrolet, Inc.*, 199 Conn. 245, 252, 506 A.2d 1035 (1986); *Young* v. *American Fidelity Ins. Co.*, 2 Conn. App. 282, 479 A.2d 244 (1984).

General Statutes § 38-175 sets forth a method of recovery by which an injured party may recover damages from a tortfeasor whose insurer wrongfully dishonors coverage of the claim. Under the facts of this case, the statute would require the plaintiff's insured to obtain a judgment against the defendant's insured. If the defendant carrier then refused to pay the judgment, the plaintiff's insured, now a judgment creditor, would be subrogated to all rights of the defendant's insured and would have a right of action against the defendant insurer to the same extent that the defendant's insured could have enforced payment by the insurer of the judgment against him. The plaintiff, thereafter, would be entitled to recover from its insured the amount it had previously paid as a result of the defendant's wrongful dishonor of coverage. General Statutes § 38-325 (b); *Amica Mutual Ins. Co.* v. *Barton*, 1 Conn. App. 569, 572–73, 474 A.2d 104 (1984).

General Statutes § 38-175 provides for several steps which serve to protect the rights of the primary litigants as well as the rights of their supporting insur-

---

[2] In its brief, the plaintiff questions why its insured "would assert such an action against the responsible tortfeasors, knowing that any judgment would be assigned to their uninsured motorist carrier . . . . How the plaintiff could compel [its insured] to prosecute such an action to judgment is not explained by the trial court." "Where subrogation rights exist, the insurer may compel the insured to preserve them, even to filing suit, if necessary." 8D J. Appleman, Insurance Law and Practice § 5128, p. 152.

ance carriers by giving each litigant an opportunity to protect his own interest and to assert whatever legal defenses are available to him. Allowing the injured's insurance carrier to bring an equitable action, such as this, directly against the tortfeasor's carrier to circumvent the customary litigation process would deprive the primary litigants of due process and a fair trial for the respective assertion of all claims and defenses available to them under the laws of this state. We find that the resulting harm and prejudice to the parties' insureds which would follow from the allowance of an action such as this one seeking unjust enrichment would outweigh any benefit which might be gained by diverting from the subrogation procedure established by General Statutes §§ 38-175 and 38-325 (b).

Viewing the allegations of the complaint in a manner most favorable to the nonmoving party; see *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 265, 422 A.2d 311 (1979); we conclude that the plaintiff's remedy was at law, as subrogee of its insured's rights under General Statutes §§ 38-175 and 38-325 (b). This remedy at law was adequate to afford to the plaintiff the relief which it sought, thereby undermining the plaintiff's claim for equitable relief. The trial court, therefore, correctly granted summary judgment for the defendant.

There is no error.

In this opinion the other judges concurred.