[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ASSIGNING CASE FOR HEARING IN DAMAGES AND STRIKING NOTICE
The defendant in this action was defaulted for his failure to plead on January 17, 1992. Defendant by motion moved to set aside the default. The court in response to such Motion on February 25, 1992 ordered that the default would be reopened if Defendant filed its answer with an affidavit setting forth the existence of its defense by March 10, 1992.
The plaintiff on March 23, 1992 filed a claim for a hearing in damages. The Defendant filed his answer on April 2, 1992 and his Motion to Strike the case from the Hearing in Damages list.
The court (Klaczak, J.) denied the Motion to Strike filed by Defendant in its memorandum of May 8, 1992.
The Plaintiff now moves to strike the Defendant's Notice as to Hearing In Damages filed on May 18, 1992. In his Memorandum of Decision of May 8, 1992, Judge Klaczak determined that the Defendant was defaulted not for a failure to plead which would entitle him to the provisions of Practice Book Section 363 A; but rather for his failure to comply with a court order. Further, it was found that no good cause existed to reopen the default under Practice Book Section 376.
Judge Klaczak also found that the Defendant's jury claim CT Page 6580 was untimely as the default became final on March 10, 1992.
Defendant's "Notice as to Hearing In Damages" is a Notice of Defenses subject to Connecticut Practice Book Sections 367 and 368. Practice Book Section 367 requires such a filing within 10 days of notice of the default. The default was effective as of March 10, 1992, and notice of the court's order was communicated to counsel on February 25, 1992.
Defendant disputes the appropriateness of the Motion to Strike as the vehicle to contest this filing. The Court believes the motion is appropriate to address the legal sufficiency of what is in effect an answer, see Practice Book Section 152(5).
The Motion to Strike is granted. The matter is set down for a hearing in damages. At such hearing the Defendant is limited to contesting damages, Kloter v. Carabetta Enterprises, Inc. 186 Conn. 460, 464, (1982), 3 Conn. App. 103, (1985), 195 Conn. 803 (1985).
BY THE COURT,
Hon. Robert F. McWeeny, J. Superior Court Judge