[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter came before the court for a Hearing in Damages, at which all parties were represented by counsel. Defense counsel agreed to proceed with the hearing, defendants being in default by court order of October 5, 1995 for failure to appear at a scheduled pretrial conference. Plaintiff withdrew the Third and Fourth counts of it's Complaint and proceeded only upon the original counts at the hearing. The court heard the testimony of Messrs. Hamel (for plaintiff) and Michaud (for defendants), reviewed the three plaintiff's and one defendants' exhibits, and reviewed the briefs of each counsel, filed well after the close CT Page 7564 of evidence.
At no time did defendants file the notice required under Connecticut Practice Book § 367 of intent to contest allegations unrelated to damages at the hearing. Nor did defendants' general denial filed in its answer of January 6, 1995 constitute such notice, being both untimely under Connecticut Practice Book § 368 because it was not filed in the ten days after the October 5, 1995 notice of default and in non-compliance as to form and content with Connecticut Practice Book § 370, which was in effect at the time. Nor does the purported answer filed on February 5, 1997 constitute the required notice, the court neither having been requested nor given it's permission for a late filed notice, under Connecticut Practice Book § 372. Absent a proper notice having been filed, defendants may not make any defense to liability and the allegations of the complaint may not be contested except as to damages. Kloter v. CarabettaEnterprises. Inc., 186 Conn. 460, 464 (1982), appeal afterremand, 3 Conn. App. 103 (1985), cert. denied, 195 Conn. 803
(1985); O G Industries. Inc. v. Mizzoni, 23 Conn. App. 19
(1990). Defendants' position and evidence regarding the events surrounding the snowstorm and claimed termination of January 9, 1994 are considered by the court only insofar as they bear on the calculation and proof of damages.
On November 9, 1993, the plaintiff and defendants, G W Management, Inc. acting as agent for Winfield Condominium Association, Inc. entered into a contract after plaintiff had responded with a written proposal to invitations to bid by defendants, and after negotiations. The contract provided for plaintiff to provide snow removal services and landscaping services to defendants at the Winfield Condominium complex in Plymouth, Connecticut for a period of twelve months, beginning in December, 1993 with a set monthly payment of $1,399.95. Payment and services commenced in December but in January, starting on the 9th, and continuing for the balance of the contract defendants refused to allow plaintiff to perform or pay it, although it has been ready, willing and able to perform.
Plaintiff claims as damages the lost profits it failed to realize by reason of being precluded from performance and payment. It also seeks a full month's payment under the contract for services actually rendered in January, 1994 prior to January 9th. The general rule in breach of contract cases is to award damages to place plaintiff in the same posture as if no breach CT Page 7565 had occurred and that lost profits are allowed when they arise directly and naturally from the breach. Jacobs v. Thomas,26 Conn. App. 305, 313-4 (1991), cert. denied, 221 Conn. 320. Plaintiff's lost profits in this case meet this test.
Mr. Hamel testified to lost profits of 40% for those months involving, by his estimate, snow removal and of 28% for those months involving, by his estimate, landscaping, citing industry standards. Of course, calculation of lost profits can be made upon "approximation based on reasonable inferences and estimates." Robert S. Weiss Associates. Inc. v. Wiederlight,208 Conn. 525, 541 (1988). Given that the contract provided for a total of $16,795, divided into 12 equal set monthly payments, for landscaping and snow removal services combined, the court finds the lower of the two calculated profit margins to be the reasonable and proven one. Further, given the testimony about the extent of January 1994 services actually rendered in less than 1/3rd of the month, the court finds a calculation of lost profits to be the appropriate measure of damages for that month, and plaintiff s claim for statutory interest upon the bill for said month is not allowed.
Plaintiff having been paid for December, 1993, it has sustained its burden of proof as to damages calculated at a profit margin of 28% upon eleven months at the rate of payment of $1,399.59 per month. Judgment is entered upon Count One against Winfield Condominium Association, Inc. in the amount of $4,310.74 and upon Count Two against G W Management, Inc. in the amount of $4,310.74, with costs of $356.75 allowed. .
So Ordered.
James T. Graham Superior Court Judge