[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR RECONSIDERATION (#123)
The plaintiff's Motion for Reconsideration (#123) is granted to permit the expansion of the court's Memorandum of Decision Re: Revised Motion for Summary Judgment as to Liability, dated October 14, 1998. In the Memorandum of Decision, the court determined that the Agreement is ambiguous, in paragraph 16, as to the event which triggers the Agreement's enforceability against the defendant. This ambiguity gives rise to genuine issues of material fact which preclude summary judgment as to Count One. The court's determination as to Count Two, unjust enrichment, follows.
"Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation mark omitted.) Hartford WhalersHockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 282-83, CT Page 14084649 A.2d 518 (1994).
Even if this court were to determine that all of the factors have been established for recovery on the basis of unjust enrichment, this court has previously determined that genuine issues of material fact exist as to Count One, which sounds in breach of contract. "[L]ack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." Id., 284. See also U.S. Fidelity Guaranty Co. v. MetropolitanProperty Liability Ins. Co., 10 Conn. App. 125, 127,521 A.2d 1048 (1987); A C Corporation v. Pernaselci, 2 Conn. App. 264,477 A.2d 166 (1984). Therefore, since genuine issues exists as to whether there is a remedy upon the contract, the motion for summary judgment as to Count Two must be denied.
Accordingly, the motion for summary judgment is hereby ordered denied as to Count One and Count Two.
It is so ordered.
BY THE COURT
MULLARKEY, J.