[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION
The plaintiff, Fiore J. Bruno, is the owner of a home and property in the city of Shelton. On August 21, 2000 the plaintiff filed this action against the developer of the Sunset Ridge real estate development, the current owners of certain lots in the development and the city of Shelton.[1] The complaint alleges that when the lots were being cleared for the development and construction of the homes, trees were cut, brush and walls were removed and fill was added to the land. In changing the natural condition of the land, the defendants provided no drainage or inadequate drainage. As a result, storm surface water drains onto the CT Page 647 plaintiff's property causing erosion and damage. The complaint is in thirteen counts. Four counts allege nuisance against the developer and the three lot owners. Four counts allege trespass against the developer and the three lot owners. Four counts allege negligence against the same defendants. The remaining count alleges that the city of Shelton was negligent in overseeing and approving construction in the subdivision. The defendants have answered, denying the allegations of the complaint.[2]
Simultaneous with the filing of the complaint, the plaintiff filed an application for a temporary and permanent injunction.[3] The defendants have filed objections to the injunction application and each has filed individual memorandums of law in support of his objection.[4] The plaintiff has filed two reply memorandums of law. No evidence or testimony was presented by the plaintiff in support of its application.
"A temporary injunction is a preliminary order of the court, granted at the outset or during the pendency of an action, forbidding the performance of the threatened acts described in the original complaint until the rights of the parties respecting them shall have been finally determined by the court. . . . The plaintiffs, to be entitled to such relief, must show: (1) probable success on the merits of their claim; (2) irreparable harm or loss; and (3) a favorable balancing of the results or harm which may be caused to one party or the other, as well as to the public, by the granting or denying of the temporary relief requested." (Citations omitted; internal quotation marks omitted.) Fleet NationalBank v. Burke, 45 Conn. Sup. 566, 570, 727 A.2d 823 (1998). Our Supreme Court has impliedly acknowledged that the requirements for a temporary injunction are (1) the plaintiff had no adequate legal remedy; (2) the plaintiff would suffer irreparable injury absent an injunction; (3) the plaintiff was likely to prevail on the merits; and (4) the balance of the equities favored an injunction. See Waterbury Teachers Assn. v. Freedomof Information Commission, 230 Conn. 441, 446, 645 A.2d 978 (1994). The primary purpose of a temporary injunction is to preserve the status quo and protect the moving party from immediate and irreparable harm until the rights of the parties can be determined after a full hearing on the merits. Rustici v. Malloy, 60 Conn. App. 47, 56, 758 A.2d 424, cert. denied, 254 Conn. 952, 762 A.2d 903 (2000). A trial court is afforded broad discretion in deciding whether to issue an injunction. Bauer v.Waste Management of Connecticut, Inc., 239 Conn. 515, 534, 686 A.2d 481
(1996).
The defendants raise basically two issues in their objections to the application for a temporary injunction. The defendants claim that the complaint only alleges actions on behalf of the defendants that are completed. Nowhere is it alleged that the defendants are currently in the CT Page 648 process of doing some act which should be enjoined. As there are no continuing acts of the defendant to enjoin, an injunction is not the proper remedy. A review of the complaint reveals that the plaintiff alleges that the defendants "cut down trees, removed brush, filled some or all of the land . . . removed two stone walls . . . and provided for no or inadequate drainage," which actions resulted in increased storm surface water running onto the plaintiff's property causing damage. As to the defendant, city of Shelton, the complaint alleges that it negligently approved of, and provided poor oversight to, the work of the other defendants. Although all of the alleged actions of the defendants have all been completed, the plaintiff does allege that, as a result of the actions of the defendants, "storm surface water often floods the plaintiff's property." Therefore, although the acts of the defendants may be completed, the damages resulting therefrom are ongoing.
As pointed out by the defendants, an injunction is prospective in operation. Brainard v. Town of West Hartford, 18 Conn. Sup. 218, 222,___ A.2d ___ (1953). It is a preventive remedy and is not intended as punishment for past conduct. Schollhorn Co. v. Workers Int. Union,14 Conn. Sup. 22, 27, ___ A.2d ___ (1946). There are, however, different types of injunctions. A prohibitory injunction is usually used to prevent or restrain some ongoing activity, and is usually the form of injunction ordered when a party seeks to maintain the status quo by way of a temporary injunction while an action is pending.[5] A mandatory injunction, however, directs a defendant to do something, to undo or correct a wrong that he is alleged to have caused.[6] Connecticut courts have issued mandatory injunctions directing defendants to take corrective actions to redress water drainage problems. See Hutchinson v.Town of Andover, Superior Court, judicial district of Tolland at Rockville, Docket No. 036971 (January 13, 1997, Bishop, J.), aff'd,49 Conn. App. 781, 715 A.2d 831 (1998); Cilona v. Davis, Superior Court, judicial district of Litchfield, Docket No. 080495 (July 27, 2000,DiPentima, J.).[7] Although a mandatory injunction may be appropriate as a final disposition of this matter, because it is a harsh remedy, generally disfavored and only granted under compelling circumstances, it is not appropriate as a temporary injunction remedy, the purpose of which is to maintain the status quo.[8]
The defendants also claim that if the plaintiff does prevail, an adequate remedy at law exists through the payment of damages. An injunction would, therefore, not be appropriate. Numerous decisions only award damages as being the appropriate remedy, although the plaintiff also requests an injunction, in situations where one landowner diverts surface water onto his neighbors property causing damage to the property.[9] When damages are awarded, "[t]he measure of damages for such injury to real property is the diminution in its value. Where the CT Page 649 injury to realty is repairable, . . . the diminution in value may be determined by the Cost of repairing the damage, provided, of course, that that cost does not exceed the former value of the property and provided also that the repairs do not enhance the value of the property over what it was before it was damaged." (Citations omitted; internal quotation marks omitted.) Falco v. James Peter Associates, Inc., 165 Conn. 442,445, 335 A.2d 301 (1973). Although it may ultimately be decided that damages are the appropriate remedy in this matter, injunctions have also been issued to correct the diversion of surface water. Berm v. Olson,183 Conn. 337, 439 A.2d 357 (1981);[10] Glasson v. Portland, supra,6 Conn. App. 229; Kloter v. Carabetta Enterprises, Inc., supra,3 Conn. App. 103. At this time, the court need not rule whether a permanent injunction would or would not be part of any remedy awarded, should the plaintiff prevail. That determination would be made after a full hearing on the merits.
The plaintiff's application for a temporary injunction is, however, denied. Absolutely no evidence, by way of affidavit, testimony or exhibit, has been presented by the plaintiff in support of his application.[11] A party seeking injunctive relief has the burden of proving irreparable harm and the lack of an adequate remedy at law. Satisfying this burden of proof is a condition precedent to the issuance of an injunction. See Hartford v. American Arbitration Assn.,174 Conn. 472, 476, 391 A.2d 137 (1978). "The power of courts to issue preliminary injunctions should be exercised with the utmost care and great deliberation. . . . Generally, a temporary injunction will not issue unless the evidence is clear and no substantial doubt exists as to the plaintiff s right to it." (Citations omitted.) Bielonko v. BlanchetteBuilders, Inc., Superior Court, judicial district of Hartford, Docket No. 581188 (February 2, 1999, Lavine, J.). Due to a lack of evidence, the court will not issue a temporary injunction.
 ___________________ GROGINS, J.